UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEXANDER JOHNSON,

                      Plaintiff,

                      -against-

THE CITY OF NEW YORK, P.O. THOMAS MOSHER, Shield No. 2905, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**12 CV 0307**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff ALEXANDER JOHNSON, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff ALEXANDER JOHNSON is an African-American male and has been at all relevant times a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.  At all times hereinafter mentioned, the individually named defendants P.O. THOMAS MOSHER and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### FACTS

13. On or about July 20, 2011 at approximately 10:40 p.m., plaintiff ALEXANDER JOHNSON was driving lawfully in the vicinity of 2324 Grand Concourse in Bronx County in the City and State of New York.

14. At the aforesaid time and place defendant officers pulled behind plaintiff and ordered him to the side of the road.

15. Plaintiff complied fully with all of the officers' orders but was nevertheless ordered out of his car.

16. The officers searched plaintiff's vehicle without probable cause to do so and uncovered several tools which plaintiff uses in his job as a construction worker.

17. Amongst the tools was a small utility knife which was less than four (4) inches long and was not a gravity knife.

18. Despite the absence of evidence of criminal or unlawful activity defendant officers placed plaintiff under arrest and charged him with Criminal Possession of a Weapon in the Fourth Degree.

19. At no time on July 20, 2011 did plaintiff possess any unlawful weapon or behave unlawfully in any way.

20. At no time on July 20, 2011 did defendants possess probable cause to arrest plaintiff.

21. At no time on July 20, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. Thereafter plaintiff was transported to a nearby precinct where he was subjected to an invasive strip search.

23. Said search revealed no evidence of criminal or unlawful activity whatsoever.

24. At no time on July 20, 2011 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

25. As a result of his unlawful arrest plaintiff ALEXANDER JOHNSON spent approximately twenty-four (24) hours in police custody.

26. Despite defendants actions the Bronx County District Attorney's Office declined to prosecute charges against plaintiff ALEXANDER JOHNSON.

27. As a result of the foregoing, plaintiff ALEXANDER JOHNSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff ALEXANDER JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL AND UNREASONABLE
### STRIP SEARCH UNDER 42 U.S.C. § 1983

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     As a result of the forgoing plaintiff ALEXANDER JOHNSON was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### FOURTH CLAIM FOR RELIEF FOR UNLAWFUL
### AND UNREASONABLE SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     As a result of the aforesaid conduct by defendants, plaintiff's vehicle and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

42.     As a result of the aforesaid conduct by defendants, plaintiff's vehicle and possessions were searched and damaged in an unreasonable manner, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. As a result of the aforesaid conduct by the defendants, plaintiff's vehicle was entered illegally at a time not prescribed in any warrant, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

44. As a result of the aforesaid conduct by the defendants, plaintiff was not provided a copy of any warrant upon his request, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. As a result of the aforesaid conduct by defendants, plaintiff's vehicle and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

- arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

- arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

- arresting individuals for the purpose of covering up police misconduct; and

- failing to train officers in identifying and properly charging individuals with criminal possession of a weapon as it pertains to gravity knives.

49. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   i. **James Franklin et al. v. City of New York**; United States District Court, Eastern District of New York, 09 CV 01907;

   ii. **Gary Shaw v. City of New York**; United States District Court, Southern District of New York, 10 CV 5315; and

   iii. **Vyacheslav Kosenok v. City of New York**; United States District Court, Eastern District of New York, 11 CV 3638.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiff ALEXANDER JOHNSON's constitutional rights.

55. The acts complained of deprived plaintiff of his rights:

- not to be deprived of liberty without due process of law;
- to be free from seizure and arrest not based upon probable cause;
- not to have summary punishment imposed upon him; and
- to receive equal protection under the law.

56. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 10, 2012

BY:_____/S_____
GERALD COHEN
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
gcohen@cohenfitch.com